1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACK RYAN WILDER,

                Plaintiff,

    v.

UNITED STATES GOVERNMENT,

                Defendant.

CASE NO. 3:24-CV-05036-BHS

REPORT AND RECOMMENDATION

Noting Date: March 15, 2024

The District Court has referred Plaintiff Jack Ryan Wilder's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On January 11, 2024, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds the instant matter fails to state a claim upon which relief can be granted. Therefore, the Court recommends the Application to Proceed IFP (Dkt. 1) be denied, all pending motions be denied, and this case be dismissed without prejudice.

**Review of the Complaint.**  Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In the proposed complaint, Plaintiff alleges the United States Government has tortured him and killed his family. Dkt. 1-1. He contends he has been suffering for fourteen years. *Id*.

***Sua Sponte* Dismissal – Standard on Rule 12 (b).**  Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is clear that the plaintiff has not stated a claim upon which relief may be granted.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiffs' Claims**. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Plaintiff sues only the United States Government. *See* Dkt. 1-1. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510

U.S. 471, 475 (1994). The federal government cannot be sued without its consent. *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009); *see also Dolan v. United States Postal Service*, 546 U.S. 481, 484 (2006). The proposed complaint does not properly identify a statutory cause of action in which Congress has waived sovereign immunity on behalf of the United States. Furthermore, the proposed complaint does not provide a plausible explanation regarding how the United States Government has violated Plaintiff's rights. As such, Plaintiff has not stated a short and plain statement of a claim showing he is entitled to relief.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). The Court finds Plaintiff should not be afforded an opportunity to amend this action. He is attempting to sue the United States Government and, based on the allegations in the proposed complaint, cannot cure the deficiencies to state a viable claim against the United States. As such, the Court finds Plaintiff should not be afforded leave to amend the proposed complaint.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Because Plaintiff's proposed complaint fails to state a claim, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied.

**Conclusion.** For the above stated reasons, the undersigned recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied, all pending motions, including the motion for appointment of counsel (Dkt. 1-3) be denied, and this case be dismissed without prejudice.

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2  fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

3  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

4  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

5  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

6  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

7  imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

8  March 22, 2024, as noted in the caption.

9    Dated this 1st day of March, 2024.

10

11

12  David W. Christel
    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 4